**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Misc. Case No. 1:22-mc-23786**

| | |
|---|---|
| PDV USA, INC., <br><br> Petitioner, <br><br> v. <br><br> DAVID RIVERA, <br><br> Respondent. | Related Cases: <br><br> Unnamed Sealed Proceeding before Hon. K. Michael Moore (S.D. Fla.); <br><br> No. 20-cv-3699 (S.D.N.Y). |

**PETITIONER PDV USA'S MOTION TO COMPEL RESPONDENT'S
COMPLIANCE WITH SUBPOENA TO PRODUCE DOCUMENTS**

Petitioner PDV USA, Inc. ("PDV USA") hereby moves this Court for an order to compel Respondent David Rivera to comply with a subpoena for documents issued from the United States District Court for the Southern District of New York, *PDV USA, Inc. v. Interamerican Consulting, Inc.*, No. 1:20-cv-03699 (S.D.N.Y. 2020) (the "Underlying Litigation").

**INTRODUCTION**

In the Underlying Litigation, PDV USA is suing Interamerican Consulting, Inc. ("Interamerican")—an entity solely owned and operated by former United States Congressman David Rivera—for breach of contract and related claims, seeking $15 million plus interest and legal fees. In response, Interamerican has asserted breach of contract claims against PDV USA for $30 million.

Recently, as part of the Underlying Litigation, PDV USA served a subpoena for documents on David Rivera under Federal Rule of Civil Procedure ("FRCP") 45 (the "Subpoena"). The Subpoena contains a single document request. It calls for the production of a written declaration of an FBI agent relating to the subject of the Underlying Litigation (the "FBI Declaration") currently in Mr. Rivera's possession, as well as any documents related to the FBI Declaration. Mr.

Rivera refused to comply with the Subpoena because the FBI Declaration was supposedly ████ ███████████ in an unidentified sealed judicial proceeding pending in this District before the Honorable K. Michael Moore (the "Sealed Proceeding").[1] Mr. Rivera also claims that the FBI Declaration ███████████████████████████████████████████████████████████████████████████████████████.

PDV USA previously sought production of the FBI Declaration from Interamerican in the Underlying Litigation. Following motion practice concerning a Request for Production of the FBI Declaration, the Honorable Robert W. Lehrburger concluded that the court lacked "sufficient basis" to order production of the FBI Declaration in light of the Sealed Proceeding and specifically instructed PDV USA to "**seek relief in the Southern District of Florida.**" (emphasis added).

In accordance with Judge Lehrburger's holding, PDV USA now seeks to compel Mr. Rivera, the recipient of the Subpoena, who resides in the Southern District of Florida, to comply with the Subpoena and produce the FBI Declaration and all related documents to PDV USA. There is no dispute that the FBI Declaration contains relevant information for the Underlying Litigation. Nor is there any possible claim that it is privileged. Even assuming the FBI Declaration is sealed by an order of this Court, Mr. Rivera may nonetheless produce the FBI Declaration to PDV USA pursuant to a protective order—either the Confidentiality Order in the Underlying Litigation, or another protective order fashioned by this Court requiring PDV USA to abide by the terms of whatever sealing order supposedly governs the FBI Declaration. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

---

[1] In accordance with Local Rule 5.4(b), PDV USA is submitting a redacted version of this motion along with a motion to file under seal an unredacted version.

Because the issues raised by this Motion are likely intertwined with the Sealed Proceeding, PDV USA requests that this matter be assigned to Judge Moore, whom PDV USA understands presides over the Sealed Proceeding.

## FACTUAL AND PROCEDURAL BACKGROUND

In the Underlying Litigation, PDV USA, a United States indirect subsidiary of the Venezuelan oil company Petróleos de Venezuela ("PDVSA"), is suing Interamerican, a one-person consulting firm solely owned and operated by former U.S. Congressman David Rivera, for breach of contract.  *See generally PDV USA, Inc. v. Interamerican Consulting Inc.*, No. 1:20-cv-03699, ECF No. 105 (S.D.N.Y.).  The contract at issue, signed in 2017, obligated Interamerican to provide "strategic consulting services" for the benefit of PDVSA (the "Contract").  *Id.* at ¶¶ 1, 3, 16, 22. PDV USA alleges that Interamerican breached the Contract in various ways, including by entering into unauthorized subcontract arrangements with, among others, Hugo Perera, who is currently under criminal investigation for his subcontract with Interamerican.  *Id.* at ¶¶ 4, 51, 58.  When questioned at deposition about Hugo Perera, Mr. Rivera (both as the Rule 30(b)(6) representative for Interamerican and in his individual capacity) testified that he understood Mr. Perera was an "FBI informant," and that Mr. Rivera knew as much based on the contents of the FBI Declaration in Mr. Rivera's possession.  Ex. A at 521:14–522:15.  This was the first time PDV USA learned about the FBI Declaration.  Thereafter, PDV USA served (1) a Request For Production on defendant Interamerican and (2) the Subpoena on non-party Mr. Rivera, both demanding production of the FBI Declaration and related documents.  Exs. B and C.  Interamerican and David Rivera refused to produce the FBI Declaration or any related documents and PDV USA moved to compel against Interamerican.  Exs. D and E.[2]

---

[2] Accordingly, PDV USA sought to resolve this dispute in the issuing court before seeking relief in this Court.  As

3

Interamerican argued that it had no obligation to produce the FBI Declaration because it was filed under seal in another proceeding. ███████████████████████████ ███████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ Ex. F at 1; *see also* Ex. G.[3] ████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ██████████████████████████████. Ex. F at 1. Interamerican has never disclosed—and therefore PDV USA has no knowledge of—the subject matter of the Sealed Proceeding, the contents or scope of any "order," ██████████████████████████████████████████ █████████████████████████████████ No copy of any order was ever adduced by Interamerican or Mr. Rivera to support their assertions. ████████████████████ ███████████████████████████████████████████████████████████████████ ████████████████████████████████ Ex. F at 2.

The court in the Underlying Litigation conducted an *in camera* review of the FBI Declaration and certain unidentified "filings and orders" from the Sealed Proceeding, and observed the following:

- The FBI Declaration was written by an FBI agent. Ex. H.
- "[C]ertain filings and orders from the sealed proceedings in the Southern District of Florida and the Eleventh Circuit Court of Appeals . . . confirm that the document at issue was filed under seal and remains under seal in the S.D. Fla. and 11th Circuit proceedings." Ex. H.

---

explained below, the issuing court specifically directed PDV USA to seek relief in this Court.

[3] ████████████████████████████████████████████████████████████████████████

- The "subject of the sealed filings concerns whether a particular document is subject to attorney-client privilege which was attached to and the subject of the FBI Declaration." Ex. H.

The court concluded that, even though the Declaration "may potentially have some limited relevance," it lacked "sufficient basis to order the FBI Declaration's production in this case, even under seal" and instructed PDV USA to "**seek relief in the Southern District of Florida**." Ex. H (emphasis added).

At Judge Lehrburger's direction, PDV USA now moves this Court to compel compliance with the Subpoena by Mr. Rivera.

## ARGUMENT

### I.   The FBI Declaration is Relevant and Non-Privileged

As an initial matter, the FBI Declaration is plainly relevant to PDV USA's claims or defenses.[4] The parties do not dispute relevance, and Judge Lehrburger concluded that the FBI Declaration may have at least "limited relevance" to the Underlying Litigation. Ex. H.[5]

Likewise, the FBI Declaration is not subject to any claim of privilege by Mr. Rivera. The FBI Declaration was authored by an FBI agent. Ex. H. It is therefore not privileged. Judge Lehrburger's finding that the "subject of the sealed filings concerns whether a particular document is subject to attorney-client privilege which was attached to and the subject of the FBI Declaration," Ex. H, does not change this analysis.

In any event, Mr. Rivera has not even attempted to carry his burden to "prov[e] that an attorney-client relationship existed and that the particular communications were confidential." *See*

---

[4] The scope of discovery available from a non-party under FRCP 45 is "the same as the scope of discovery under Rule 26." *Marjam Supply Co. of Fla. LLC v. Pliteq, Inc.*, 2018 WL 1456614, at *4 (S.D. Fla. Mar. 23, 2018). Under FRCP 26, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" FRCP 26(b)(1).

[5] There likewise is no dispute that the Subpoena is proper in scope and does not impose any undue burden on Mr. Rivera. FRCP 45(d).

*Bogle v. McClure,* 332 F.3d 1347, 1358 (11th Cir. 2003); *MapleWood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 585 (S.D. Fla. 2013) ("[a] party first must present some evidence to convince the court that the privilege might apply"). Nor has he "expressly made" a claim of privilege or afforded PDV USA a fair opportunity to "assess the claim." FRCP 45(e)(2)(A). Accordingly, Mr. Rivera cannot withhold the FBI Declaration on grounds of attorney-client privilege.

**II. The FBI Declaration's "Sealed" Status Does Not Excuse Mr. Rivera's Compliance With a Valid Subpoena Because the FBI Declaration May Be Produced to PDV USA Pursuant to a Protective Order**

Assuming the FBI Declaration is in fact sealed in the Sealed Proceeding, there is no reason it cannot be produced to PDV USA under a protective order. For example, Mr. Rivera could produce the FBI Declaration to PDV USA pursuant to the Confidentiality Order already in place in the Underlying Litigation. Ex. I (providing for limited disclosure of documents marked "Confidential," including documents produced by third parties). Or, this Court may order PDV USA to abide by the terms of whatever sealing orders control the FBI Declaration and order that the document be produced to PDV USA on an attorneys' eyes only basis. Both of these options eliminate any concerns that the document will be made public.

[redacted]

6

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████

Here, the FBI Declaration was authored by an FBI Agent ████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████████

## **CONCLUSION**

For the foregoing reasons, PDV USA respectfully requests that this Court compel Respondent Mr. Rivera to fully comply with the Subpoena.

---

[6] ████████████████████████████████████████████████████████████████████████████████████████████████████████████

| | |
|---|---|
| Dated: November 18, 2022 | Respectfully submitted, |

/s/ Ricardo Hugo Puente
Ricardo Hugo Puente
Florida Bar No. 121533
Amy Grace Fudenberg
Florida Bar No. 1011312
JONES DAY
600 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 714-9700
Facsimile: (305) 714-9799
E-mail: rpuente@jonesday.com
E-mail: afudenberg@jonesday.com

*Attorneys for Petitioner PDV USA, Inc.*

Jeffrey B. Korn (admission *pro hac vice* pending)
Brady M. Sullivan (admission *pro hac vice* pending)
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019
(212) 728-8000
jkorn@willkie.com
bsullivan@willkie.com

Michael J. Gottlieb (admission *pro hac vice* pending)
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
mgottlieb@willkie.com

*Attorneys for Petitioner PDV USA, Inc.*

## **CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(3)**

The undersigned certifies that counsel for Petitioner PDV USA conferred with counsel for Respondent David Rivera in an effort to resolve the issues raised in this Motion but was unable to do so.

Dated: November 18, 2022           */s/ Ricardo Hugo Puente*
                                   Ricardo Hugo Puente

## CERTIFICATE OF SERVICE

The undersigned, a member in good standing of the Bar of this Court, hereby certifies that the foregoing document will be served on counsel for Respondent David Rivera by email, and served on Respondents by mail, in accordance with the service provisions of Rule 5 of the Federal Rules of Civil Procedure.

Dated: November 18, 2022         */s/ Ricardo Hugo Puente*
                                 Ricardo Hugo Puente